# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ATLANTIC NATIONAL TRUST LLC,<br><br>      Plaintiff,<br><br> v.<br><br>HENRY E. KARLIN, DEBORAH J. KARLIN f/k/a DEBORAH J. JOHNSON, BANK OF NOVA SCOTIA, FIRSTBANK VIRGIN ISLANDS,<br><br>      Defendants. | 3:10-cv-21 |

TO:  Matthew J. Duensing, Esq.
   Richard H. Dollison, Esq.

### ORDER

THIS MATTER came before the Court upon Defendant/Cross-Claimant Bank of Nova Scotia's Request For Entry of Default (Docket No. 44) and the Clerk's Entry of Default (Docket No. 45).

Entry of default is proper when a party, after being served with process, fails to plead or otherwise defend within the time allowed. Fed. R. Civ. P. 55(a).

Bank of Nova Scotia states that "Cross-Claim Defendant Deborah J. Karlin F/K/A Deborah J. Johnson was personally served with a copy of the Scotiabank Crossclaim . . . as

evidenced by the affidavit of Renix Charles . . . ." Affidavit, Request at Attachment #2. The affidavit of Renix Charles states that the Answer and Crossclaim were left with Henry Karlin at 1-21 and 1-20A Estate Wintberg, St. Thomas, Virgin Islands. Affidavit of Service, Request at Attachment #3 (Exhibit A).

It cannot be disputed that Federal Rule of Civil Procedure 4(e)(2)(B) allows service by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed R. Civ. P. 4(e)(2)(B). In the matter at bar, however, Bank of Nova Scotia offers no evidence that the address where the process server left the documents was the dwelling or usual place of abode of Deborah J. Karlin. In fact, the evidence is to the contrary, as the process server specifically declares, "Henry E. Karlin stated that Deborah J. Karlin f/k/a Deborah J. Johnson was no longer residing in the Virgin Islands." Affidavit of Service, Request at Attachment #3 (Exhibit A).

Consequently, the Court finds that Bank of Nova Scotia did not effectuate proper service upon Deborah J. Karlin, a finding that the Court made previously in its Order Denying Motion For Service by Publication (Docket No. 41), entered July 15, 2010.

Accordingly, it is now hereby **ORDERED**:

1. The Clerk's Entry of Default (Docket No. 45), entered July 22, 1010, is **VACATED**.

    2.      Defendant/Cross Claimant Bank of Nova Scotia's Request For Entry of Default (Docket No. 44) against Deborah Karlin f/k/a Deborah J. Johnson is **DENIED**.

ENTER:

Dated: July 22, 2010

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE